UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS FIGUEROA, | Civil Action No. 25-15175 (KMW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA | |
| Respondent. | |

This matter comes before the Court on Petitioner Luis Figueroa's newly filed motion to vacate his 2003 drug trafficking conviction. (ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court is required to preliminarily review Petitioner's motion to vacate and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

In his current motion to vacate sentence, Petitioner seeks to raise a claim in which he asserts that his conviction for a lesser included offense prior to his trial in this matter precluded a finding of guilt on the greater offense of which he was ultimately convicted, which is essentially a double jeopardy challenge to his 2003 conviction.[1] (*See* ECF No. 1 at 4.) This is not the first time

---

[1] Petitioner's version of events does not accurately state the nature of what occurred. Essentially, Petitioner was convicted of the drug conspiracy by a jury without the jury making a determination on the quantity of cocaine involved. (*See* Docket No. 04-1424 at ECF No. 3 at 2-3.) Following the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Government requested the empaneling of a sentencing jury to determine the amount of cocaine for sentencing purposes, a request that the trial judge granted, denying in the process a motion by defense counsel to deny the sentencing jury on double jeopardy grounds. (*Id.* at 3-4.) The sentencing jury ultimately found the quantity to be more than five kilograms of cocaine. (*Id.*) Rather than face a potential life sentence, Petitioner thereafter entered into a plea agreement with the Government in which Petitioner waived his rights to appeal or collaterally attack his conviction and sentence in exchange for a thirty-five year sentence. (*Id.* at 5-6.)

Petitioner has raised such a claim. Petitioner has filed two prior § 2255 motions raising substantially similar challenges: one filed in 2004 which was dismissed on the merits in light of a collateral attack waiver agreed to by Petitioner, (*see United States v. Figueroa*, No. 04-1424, ECF No. 13 at 1-6), and a second which was dismissed for lack of jurisdiction as a second or successive motion to vacate sentence filed without leave in 2022. *See Figueroa v. United States*, No. 22-1009, 2022 WL 5169557, at *2-4 (D.N.J. Oct. 4, 2022).

Under 28 U.S.C. § 2255(h), a second or successive motion to vacate sentence may not be brought in this Court unless the successive motion has been certified by the appropriate court of appeals to contain a claim asserting newly discovered evidence sufficient to warrant a finding that no reasonable juror could have convicted the petitioner had that evidence been provided at trial, or a claim which asserts a right based on a new rule of constitutional law made retroactive to collateral review by the Supreme Court which was previously unavailable. A habeas petitioner seeking to pursue a second or successive motion to vacate sentence must therefore file a petition for leave with the appropriate court of appeals, in this case the Third Circuit, and be granted leave by that appellate court *before* filing in this Court. *See* 28 U.S.C. § 2244(b)(3). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Brand v. New Jersey*, No. 15-3206, 2015 WL 2353123, at *2 (D.N.J. May 14, 2015) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

Petitioner's first motion to vacate sentence was dismissed on the merits in light of his appellate and collateral attack waiver, and his previous motion filed in 2022 was dismissed as a second or successive motion to vacate sentence brought without leave. Given this history, it is clear that Petitioner's current motion to vacate sentence is a successive motion to vacate sentence

filed without leave of the Court of Appeals. As such, this Court must dismiss[2] Petitioner's motion for lack of jurisdiction.[3] *Robinson*, 313 F.3d at 139.

In conclusion, Petitioner's motion to vacate sentence (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[4] An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge

---

[2] A District Court should only transfer a successive § 2255 motion to the Court of Appeals, rather than dismiss the motion, where the interests of justice so require, which will usually only be the case where the proposed second motion to vacate would prima facie meet the requirements for a second motion set forth in 28 U.S.C. § 2255(h). *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). Petitioner's current motion to vacate sentence does not seek to meet the requirements of § 2255(h), and this Court therefore finds that it would not be in the interests of justice to transfer his motion.

[3] Although the Court need not and does not reach the merits of Petitioner's motion in light of the Court's lack of jurisdiction over second or successive motions to vacate sentence, the Court does note that Petitioner's current motion is almost certainly time barred as it was filed 22 years after Petitioner's conviction was entered, and thus runs well afoul of the one year statute of limitations applicable to § 2255 motions. *See* 28 U.S.C. § 2255(f).

[4] While this Court lacks jurisdiction to consider Petitioner's current motion to vacate sentence pursuant to 28 U.S.C. § 2255, that does not mean that Petitioner lacks any potential avenue to seek a reduction of his sentence. Given the lengthy prison sentence Petitioner received, the considerable age of Petitioner's conviction, and several retroactive changes to the sentencing guidelines in relation to cocaine and crack distribution, Petitioner may have a legitimate argument for a reduction of sentence should he choose to pursue a motion for a reduction of sentence under 18 U.S.C. § 3582(c).

3